UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:26-cv-419

| | |
|---|---|
| JAMES P. SOLOMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LM INSURANCE CORPORATION, ) | **NOTICE OF REMOVAL** |
| LIBERTY MUTUAL GROUP, INC., ) | |
| COLE HASSMAN, ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

Defendants, LM Insurance Corporation, Liberty Mutual Group, Inc., and Cole Hassman (collectively, the "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove this case from the Superior Court of Mecklenburg County, North Carolina, where it is pending as Civil Action No. 26CV013940-590, to the United States District Court for the Western District of North Carolina, Charlotte Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the Defendants and Plaintiff James P. Soloman; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. The Defendants' grounds for removal, including the facts supporting their allegation that the amount in controversy exceeds the required jurisdictional amount, are set forth in detail below.

<u>**GROUNDS FOR REMOVAL**</u>

**I.      <u>Background.</u>**

1.      On March 11, 2026, Plaintiff, appearing *pro se*, filed a Complaint (the "Complaint") in the Superior Court of Mecklenburg County, North Carolina, styled *James P. Soloman, Niam K. Soloman, a minor by and through his Guardian Ad Litem, James Soloman v. LM Insurance Corporation, Liberty Mutual Group, Inc., Cole Hassman, and Bella Valkovschi, by and through her Guardian Robert Z. Valkovschi* (the "State Court Action")*,* which is within the district and division to which to case is removed.

2.      Plaintiff's allegations in the Complaint improperly joined two distinct sets of claims that do not arise from the same transaction or occurrence. First, Plaintiff (along with Niam K. Soloman, a minor, by and through his Guardian Ad Litem James Soloman) alleged an automobile negligence claim against Bella Valkovschi, by and through her Guardian Robert Z. Valkovschi ("Valkovschi"), arising from a motor vehicle accident on March 12, 2025.  Plaintiff asserted separate and independent claims against the Defendants arising from alleged post-accident events and claims-handling conduct, governed by entirely different legal standards, evidence, and defenses.

3.      On the basis of Plaintiff's allegations in the original Complaint, the Defendants did not have grounds to remove this action to this Court at the time it was filed because Valkovschi was a non-diverse defendant.

4911-7029-8543, v. 2

4.    On April 8, 2026, the Defendants and Valkovschi filed a Motion to Sever due to the improper joining of two distinct sets of claims. On May 11, 2026, the Defendants and Valkovschi filed an Amended Motion to Sever (the "Amended Motion to Sever").

5.    On May 22, 2026, the Honorable Clifton H. Smith, Mecklenburg County Superior Court Judge, entered an Order Granting the Amended Motion to Sever (the "Order") and severing Plaintiff's two claims of actual fraud and unfair and deceptive trade practices against the Defendants from the separate claim of automobile negligence against Valkovschi.  Pursuant to the Order, the claim for automobile negligence against Valkovschi was ordered to be assigned a new case number in the Superior Court for Mecklenburg County, and the claims against the Defendants were ordered to continue under the existing case number (26CV013940-590).

6.    Pursuant to 28 U.S.C. § 1446(b), a copy of the full State Court Action (including exhibits) filed in the Superior Court for Mecklenburg County is attached hereto as **Exhibit A**.

## II.    The Court Has Subject-Matter Jurisdiction Under 28 U.S.C. § 1332.

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Defendants and Plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3

4911-7029-8543, v. 2

**A.** **There is Complete Diversity Between Plaintiff and the Defendants.**

8.     The Plaintiff is now, and at all relevant times was, a natural person and resident of Mecklenburg County, North Carolina. (Ex. A, Compl. ¶9).

9.     LM Insurance Corporation was, at the time this action was commenced, and still is, an insurance company organized under the laws of the State of Illinois with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. As such, LM Insurance Corporation is a citizen of Illinois and Massachusetts. *See* 28 U.S.C. § 1332 (c)(1).

10.    Liberty Mutual Group, Inc., was, at the time this action was commenced, and still is, a corporation organized under the laws of the State of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. As such, Liberty Mutual Group, Inc. is a citizen of Massachusetts. *See* 28 U.S.C. § 1332 (c)(1).

11.    Cole Hassman was, at the time this action was commenced, and still is, a natural person and resident of the State of Iowa.

12.    There is complete diversity of citizenship between Plaintiff and the Defendants. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005).

**B.** **The Amount In Controversy Exceeds the $75,000 Jurisdictional Requirement.**

13.    Under 28 U.S.C. § 1332(a), subject matter jurisdiction based upon diversity of citizenship requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

4

4911-7029-8543, v. 2

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the allegation is contested, the court determines whether the jurisdictional threshold is met by a preponderance of the evidence. *Id.* at 88-89; *see also* 28 U.S.C. § 1446(c)(2)(B).

14. The Complaint alleges the action "has an amount in controversy exceeding twenty-five thousand dollars ($25,000)." (Ex. A, Compl. ¶ 16). The Complaint also seeks treble damages against Defendants pursuant to N.C. Gen. Stat. § 75-16, and an award of punitive damages pursuant to N.C. Gen. Stat. § 1D-15. (*Id.*, Compl., Prayer for Relief, ¶¶ 3 – 4.

15. The amount in controversy is determined at the time of removal and includes treble damages when allowed by statute. *Meletiou v. Fleetpride, Inc.*, 2023 WL 2468994 at *2 (W.D.N.C. March 10, 2023); *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, 2019 WL 2992219, at *2–3 (M.D.N.C. July 9, 2019). As the Complaint alleges an amount in controversy "exceeding" $25,000 and seeks an award of treble damages and punitive damages against the Defendants, the amount in controversy exceeds the $75,000 requirement.

16. The Defendants reference allegations pleaded in Plaintiff's Complaint to show the amount in controversy only. By citing these pleaded allegations, the Defendants do not admit or concede that Plaintiff is entitled to any relief.

4911-7029-8543, v. 2

### III.   All Other Procedural Requirements Are Met.

#### A.   Venue.

17.   This action was originally filed in the Superior Court for Mecklenburg County, North Carolina, which sits in this federal judicial district and division. Venue is therefore proper in this Court.  28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

#### B.   Timeliness.

18.   Pursuant to 28 USC § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

19.   Pursuant to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

20.   A copy of the Order was received by undersigned counsel for the Defendants by the State Court's e-filing system on May 22, 2026.

21.   The Defendants file this Notice of Removal within thirty days of their receipt of the Order, which is when Defendants could first ascertain that this case had become removable based on diversity of citizenship because the claim for

6

4911-7029-8543, v. 2

automobile negligence against Valkovschi – a non-diverse defendant – became severed from the claims against the Defendants.

22. Additionally, the Defendants file this Notice of Removal within one year after commencement of the action in the Superior Court for Mecklenburg County.

23. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(1).

**C. Notice.**

24. Upon filing this Notice of Removal, the Defendants will furnish written notice to Plaintiff and will file and serve a copy of the Notice of Removal attached hereto as **Exhibit B** with the Clerk of the Superior Court for Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1446(d).

25. The Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary relief whatsoever (or that the damages he seeks may be properly sought).

WHEREFORE, the Defendants give notice that this action has been properly removed from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina based on diversity of citizenship. The Defendants respectfully request this Court proceed as if this action had been originally filed in this Court.

7

4911-7029-8543, v. 2

This the 29th day of May, 2026.

**CRANFILL SUMNER LLP**

BY:    */s/ Christopher J. Blake*
Christopher J. Blake, NC Bar #16433
Jennifer A. Welch, NC Bar #31360
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919-828-5100
cblake@cshlaw.com
jwelch@cshlaw.com

*Attorneys for Defendants Liberty
Mutual Group, Inc., LM Insurance
Corporation, and Cole Hassman*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on this 29th day of May, 2026, the foregoing **Notice**

**of Removal** was filed with the Court via CM/ECF and served on all parties to this cause

by electronic mail and first class mail, addressed as follows:

James P. Soloman
6200 Sharon Acres Rd.
Charlotte, NC 28210
jpsoloman@gmail.com
*Pro Se Plaintiff*

This the 29th day of May, 2026.

**CRANFILL SUMNER LLP**

BY:     */s/ Christopher J. Blake*
Christopher J. Blake, NC Bar #16433
Jennifer A. Welch, NC Bar #31360
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919-828-5100
cblake@cshlaw.com
jwelch@cshlaw.com

*Attorneys for Defendants Liberty*
*Mutual Group, Inc., LM Insurance*
*Corporation, and Cole Hassman*

9

4911-7029-8543, v. 2